**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:16-CV-23377-CMA**

**RUBIN MCFADDEN p/k/a KHAOTIC,
 and NINA ALIMPIC          ,**

       **Plaintiffs,**

   **v.**

**LEE Q. ODENAT a/k/a "Q," individually,
QWORLDSTAR, INC.,
a Delaware corporation,**

      **Defendants.**
_____/

## FIRST AMENDED COMPLAINT

Plaintiffs, RUBIN MCFADDEN, P/K/A/ KHAOTIC ("McFadden") and NINA ALIMPIC ("Allimpic") (or collectively as  "Plaintiffs"), sue Defendants, LEE Q. ODENAT a/k/a "Q," and QWORLDSTAR, INC., a Delaware corporation (collectively "Defendants") and in support thereof, alleges as follows:

## NATURE OF THIS ACTION

1.    Defendants have engaged in egregious, irresponsible, and despicable conduct, which should be punished to the maximum extent permitted under the law.  Defendants broadcasted a private video of the Plaintiffs, McFadden and Allimpic, engaging in private consensual sexual relations in a private room, all done to generate viewers and eyeballs to Defendants' website, which enables Defendants to generate millions of dollars in advertisement.

1

2.     Defendants posted to the Internet a forty-five second personal private-taped video depicting McFadden and Allimpic naked and engaged in private consensual sexual relations in a private bedroom (the "Video"). The Defendants posted the Video at their website WWW.WORLDSTARHIPHOP.COM (the ("WSHH Site"). The Defendants posted the Video for the public to view, for the purpose of obtaining tremendous financial benefit for themselves, including without limitations: a) the sale of advertisement at the WSHH Site to viewers of the webpage with a link to the Video, and b) attracting new viewers to the WSHH Site for the long-term financial benefit of the Defendants and their numerous affiliated websites, and additional revenues from the substantial new viewers brought to the WSHH Site and its affiliated websites by the Video.  In order to generate public interest public interest in the video, Defendants' posted in bold letters, " [m]iami rapper "Khaotic" getting his butthole ate on", along with the message " next time you steal from a girls purse, make sure they don't have you on camera getting your ass ate." The Video has received more than 350,000 views, and more than 4850 persons made public comments about the video; most being derogatory the Plaintiffs.

3.     McFadden and Allimpic consensually recorded their consensual sexual relations in a private bedroom for their own personal and private use, but they had no intention of the Video being released to the public. To the contrary, McFadden and Allimpic believed that such activity was completely private, and they both had a reasonable expectation of privacy in the private bedroom, and they both believed their privacy was safe and protected at all relevant times. McFadden and Allimpic have no knowledge on

how the Defendants obtained the Video, as the Video was only stored on McFadden's personal cellular phone.

4.      The Defendants' posting of the Video on the WSHH Site, and the publication of false and defamatory statements about McFadden, which constitute a reprehensible and disgraceful invasion of McFadden and Allimpic's rights of privacy by the Defendants who have no regard for human dignity and care only about maximizing their revenues and profits at the expense of all others.

5.      Both McFadden and Allimpic are informed and allege that the Defendants' activities constitute a criminal violation of Florida's Video Voyeurism law, which was codified in § 810.145 (Fla. Stat. 2016).

6.      This lawsuit was necessitated by Defendants' flagrant and shameless violations of McFadden and Allimpic's right to privacy and other rights as discussed herein. Defendants violated McFadden and Allimpic's rights by Defendants' wrongful disclosure of private acts as depicted in the Video and the false statements made about McFadden; their unauthorized commercial exploitations of McFadden and Allimpic's privacy, name, image, identity and persona; and other calculated wrongful and tortious conduct as described herein.

7.      Defendants malicious conduct violates McFadden and Allimpic common law and constitutional privacy rights and publicity right and exceeds all bounds of human decency.

8.      Defendants' gross intrusion into McFadden and Allimpic's privacy must be

stopped and must be punished to prevent other instances of such intrusion to the maximum extent permitted by law.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction because Plaintiffs seek relief in an amount greater than $15,000.00, exclusive of interest, attorneys' fees and costs.

10.    This Court has personal jurisdiction over the Defendants because: a) Defendants conduct business in Florida; b) Defendants committed tortious acts within the State of Florida, thereby satisfying the Florida long-arm statute §48.193 Fla. Stat. (2016); and c) Defendants have committed intentional torts expressly aimed at McFadden and Allimpic, broadcast into the State of Florida as contemplated by §770.05 Fla. Stat (2016) and because the effects of which were suffered in this jurisdiction.

11.    Venue is proper in this Court pursuant to §47.011 Fla. Stat. (2016), in that the cause of action accrued in Miami-Dade County, Florida, in that the tortious acts were broadcast into Miami-Dade County, because the damage to the Plaintiffs was felt here and because the Defendants conduct non-isolated business operations in Miami-Dade County, Florida.

## PARTIES

12.    Plaintiff, McFadden was at the time of the incident a resident of Miami-Dade, County and is a citizen of the State of Florida, and since that time he relocated and is a current resident of Atlanta, Georgia. McFadden is professionally known as Khaotic, he is a well-known rapper, who has published music videos, recordings, and is a public persona.

4

13.     Plaintiff, Allimpic is a resident of the State of Florida, currently residing in Sarasota, Florida.

14.      Defendant, LEE Q. ODENAT a/k/a "Q" ("Odenat") is believed to be a citizen and resident of the State of California, who upon information and belief is formerly the sole managing member of WORLDSTAR HIP HOP, INC., a dissolved Nevada Corporation, WORLD STAR LLC, a canceled Delaware limited liability company, and WSHH337, LLC, a canceled Delaware limited liability company.  Odenat owns, controls and ultimately directs the activities on the website at issue and therefore is responsive for the acts of the corporate defendant.

15.     Defendant, QWORLDSTAR, INC., is a Delaware corporation with its principal place of business in Los Angeles.

## STATEMENT OF FACTS

16.     Plaintiff McFadden is professionally known as "Khaotic", a well-known rapper, and because of the Defendants egregious actions, McFadden's reputation as a performer and rapper has suffered tremendously.

17.     In or about 2016, McFadden and Allimpic engaged in private consensual sexual relations in a private bedroom. Both McFadden and Allimpic consensually agreed to record the sexual relations on McFadden's smartphone and they created the Video. Both McFadden and Allimpic believed and expected that the sexual activities in which McFadden and Allimpic engaged in a completely private bedroom would remain completely private and only for their eyes and not to be viewed by any other persons. Had McFadden and Allimpic known that the video would have been released to the

general public, McFadden and Allimpic would not have engaged in any such activities or would not have recorded the Video.

18.     McFadden and Allimpic allege that the Defendants, based upon their actions, obtained a copy of the Video depicting McFadden and Allimpic naked and engaging in sexual relations. The recording depicts both parties naked, and Allimpic performing a sexual on McFadden's anus area. The footage was not blurred, blocked, or in any way obscured by the Defendants.

19.     On or about June, 2016, Defendants published at the WSHH Site, the Video depicting McFadden and Allimpic having private consensual sexual relations.

20.     At not time prior to, during, or after the consensual recording of the private consensual sexual encounter between McFadden and Allimpic did Plaintiffs ever authorize or consent to any person or entity the right to edit, disseminate, publish, exploit and transmit the Video in any way or in any manner whatsoever. On the contrary, McFadden and Allimpic recorded their private sexual activity for their eyes only. Plaintiffs find the act of the Defendants to be outrageous and reprehensible invasion of their privacy. The Plaintiffs have never authorized the Video for any purpose whatsoever, including any form of disclosure to the public via any public forum.

21.     Numerous websites and media outlets picked up on the Video posted on WSHH Site, republishing and posted links to the video further exposing hundreds of millions of people to the Video.

22.     As a foreseeable consequence of the Defendants' actions, tremendous amounts of eyeballs and users were drawn to the WSHH Site, from which the Defendants have reaped substantial revenues and profits, and thereby unjustly enriched, based on both short term web traffic of millions of people who have visited WSHH Site to view the Video, and long term increase of viewership to the WSHH Site and other sites affiliated with the Defendants. Such massive benefits are a direct result of the fame of McFadden and the nature of the Video especially among WSHH's Target market of Users. Both McFadden and Allimpic bore and continue to bear the cost for Defendants unjustified and inequitable gain.

23.     As a natural consequence of Defendants' actions, McFadden has suffered and continues to suffer from tremendous emotional distress.

24.     McFadden, a well-known rapper, has had his life "turned upside down" by the egregious and unlawful actions of the Defendants by displaying the Video on the WSHH Site, and continues to suffer emotional distress as a result. Specifically, from the Defendants reprehensible invasion of McFadden's privacy, McFadden has suffered, and continues to suffer, embarrassment, humiliation and paranoia as a result. Furthermore, the Defendants' actions have substantially harmed McFadden's reputation, goodwill, commercial value and brand as a rapper. McFadden has devoted his whole life, time and effort, to develop his career as a notable and popular rapper and attained goodwill, brand, and reputation. Such accomplishments have created considerable commercial value in McFadden's name, image, identify and persona.

25.     The commercial value of McFadden's name, image, identity and persona has been and continues to be materially harmed by the Defendants' actions in obtaining the

7

Video; the unauthorized posting, publishing, distribution, and dissemination of the Video, which brought and continues to bring unfavorable public perception to McFadden.

26.     As a natural consequence of Defendants' actions, Allimpic has suffered and continues to suffer from tremendous emotional distress.

27.     Allimpic has had her life "turned upside down" by the egregious and unlawful actions of the Defendants by displaying the Video on the WSHH Site, and continues to suffer emotional distress as a result. Specifically, from the Defendants reprehensible invasion of Allimpic's privacy, Allimpic has suffered, and continues to suffer, embarrassment, humiliation and paranoia.

28.     Defendants' reprehensible conduct manifests no regard for McFadden and Allimpic's privacy rights and included an unauthorized commercial exploitation of their publicity rights.

29.     McFadden and Allimpic are informed and allege thereon that unless the Defendants are enjoined and restrained, the Defendants will continue to post, publish, distribute and exploit the Video. The continued dissemination of the Video will continue to cause McFadden and Allimpic to experience severe emotional distress and damage of which there is no adequate remedy by law. Such conduct has caused and will continue to cause, unless enjoined, irreparable harm to both McFadden and Allimpic.

## COUNT I: PUBLICATION OF PRIVATE FACTS

30.     Plaintiffs, McFadden and Allimpic, repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, inclusive, as though

fully set forth therein.

31.    The Defendants unlawfully disclosed to the general public the contents of the Video, which depicted both McFadden and Allimpic fully naked and engaged in private consensual sexual relations in a private room.

32.    The Defendants were well aware or should have been aware that the Video contained private and confidential information, and McFadden and Allimpic both had a reasonable expectation of privacy to engaged and record consensual sexual relations in a private room, and by broadcasting the Video to the public without Plaintiffs consent or knowledge, would reveal private things about McFadden and Allimpic's sex life of which the Defendants had no right to disclose or exploit, and the such publication of intimate and private facts would be so offensive and objectionable to any reasonable person.

33.    The Defendants' posting, publishing, distributing and disseminating, and exploiting of the Video was not carried out for reasonable or legitimate purpose.

34.    Plaintiffs, McFadden and Allimpic, both had reasonable expectations of privacy in being fully naked and having private consensual sexual relations in a private bedroom and the recording thereof.

35.    The unauthorized publication of the Video by the Defendants, is offensive and objectionable to McFadden and Allimpic, as well as to any reasonable person of ordinary sensibilities, and is not of legitimate public concern. Defendants did not obtain any consent from McFadden and Allimpic to use the Video in any way whatsoever.

36.     The Defendants violated McFadden and Allimpic's fundamental rights to privacy by the alleged conduct herein, including the outrageous intrusion into the Plaintiffs' lives and privacy by the publication, dissemination, and exploitation of the Video. Through the Defendants' conduct, Defendants garnered in an unprivileged manner calculated financial gain and publicity throughout the world without regard to Plaintiffs' rights to privacy.

37.     McFadden and Allimpic are informed and allege that the Defendants acted with actual malice and reckless disregard for the Plaintiffs' right to privacy.

38.     The Defendants have and continue to invade the Plaintiffs' rights to privacy by the continued publication of the Video. Unless enjoined and restrained by order of this honorable Court, the Defendants' continued acts would lead to McFadden and Allimpic to continue to incur irreparable injury that cannot adequately be remedied through monetary compensation. Thus, McFadden and Allimpic are entitled to a temporary restraining order and preliminary injunctive relief enjoining the distribution, dissemination and use of the Video and all portions thereof in any way or form.

39.     As a direct and proximate cause of the aforementioned acts by the Defendants, McFadden and Allimpic have suffered and continue to suffer injury, loss, damage, anxiety, embarrassment, shame, and severe emotional distress.

40.     McFadden and Allimpic are informed and allege that the aforementioned acts of Defendants were done intentionally or with conscious reckless disregard of Plaintiffs' rights.

## COUNT II: INVASION OF PRIVACY

41.     Plaintiffs, McFadden and Allimpic, repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth therein.

42.     The Defendants, lacking McFadden and Allimpic consent and against their will, have grossly invaded McFadden and Allimpic's protected rights of privacy as recognized under the United States Constitution, Florida Constitution, and applicable common law, by obtaining the Video and by posting and publicly broadcasting the Video. In essence the Defendants have "peered into the private bedroom" and they have allowed the general public to "peer into the private bedroom", the most protected and private place, to watch McFadden and Allimpic engage in consensual sexual relations, the most intimate and private time, without the Plaintiffs' authorization or consent.

43.     The Defendants did not have any legitimate public or reasonable purpose by releasing the Video to the general public. The Defendants' purpose in obtaining and broadcasting the Video was to reap substantial revenues and profits at the expense of McFadden and Allimpic, and others. McFadden and Allimpic both had reasonable expectation of privacy in having consensual sexual relations in a private room.

44.     Defendants' actions are offensive and objectionable to McFadden and Allimpic, and would be offensive to any reasonable person of ordinary sensibilities.

45.     Defendants knew or should have known that the Video, contained private and confidential content and information, which the Plaintiffs and any reasonable person

would not wanted broadcasted to the general public, would be a clear and egregious violation of McFadden and Allimpic's rights to privacy.

46.    Defendants' actions violated McFadden and Allimpic's fundamental rights by conduct alleged herein, including outrageous intrusion into the Plaintiffs' privacy. Through the Defendants' conduct, Defendants garnered in an unprivileged manner calculated financial gain and publicity throughout the world without regard to Plaintiffs' rights to privacy.

47.    McFadden and Allimpic are informed and allege that the Defendants acted with malice and reckless disregard of their right to privacy.

48.    The Defendants have continued to invade McFadden and Allimpic's right to privacy and unless enjoined and restrained by to order of this honorable Court, the Defendants' continued acts will cause the Plaintiffs to continue to incur irreparable harm that cannot be adequately remedied by monetary damages. Thus, McFadden and Allimpic are entitled to a temporary restraining order and preliminary injunctive relief to enjoin the Defendants from exploiting and disseminating the Video and all or any portions of thereof.

49.    As a direct and proximate cause of the aforementioned Defendants' egregious actions, McFadden and Allimpic have suffered and continue to suffer injury, loss, damage, anxiety, embarrassment, shame, and severe emotional distress.

## <u>COUNT III: VIOLATION OF FLORIDA COMMON LAW RIGHT OF PUBLICITY</u>

50.    Plaintiff, McFadden, repeats, re-alleges, adopts and incorporates each and every

allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth therein.

51.     McFadden is a professional rapper and has and continues to enjoy mainstream popularity as "Khaotic".  McFadden has devoted a substantial amount of time and effort developing his career, reputation and brand. Such efforts have created considerable commercial value in his name, image, identity, and persona.

52.     The Defendants unauthorized use of McFadden's name, image, identity and persona in connection with the Video constitutes a violation and misappropriation of McFadden's rights of publicity in that Defendants' misappropriation McFadden's name, image, likeness, identity, and persona by using the Video for the purpose of commercial gain, without McFadden's consent.

53.     The Defendants' misappropriation of McFadden's publicity rights was for the Defendants' advantage in that McFadden's name, image, likeness, identity, and persona were used and intended to create and enhance the Defendants' pecuniary gain and profit.

54.     Unless enjoined and restrained by to order of this honorable Court, the Defendants' continued acts will cause the Plaintiffs to incur irreparable harm that cannot be adequately remedied by monetary damages. Thus, McFadden is entitled to a temporary restraining order and preliminary injunctive relief to enjoin the Defendants from exploiting and disseminating the Video and all or any portions of thereof.

55.     As a direct and proximate cause of the aforementioned Defendants' egregious

actions, the Defendants have earned profits attributable to this unauthorized commercial use and misappropriation of McFadden's name, image, and likeness. The amount of such unjustified gains had yet to be ascertained. McFadden is entitled to recover all said unjust enrichment, including all profits earned by the Defendants as a result of Defendants' unauthorized commercial misappropriation as herein alleged.

56.     Moreover, McFadden is entitled to seek and hereby seeks the market value of the use of his publicity rights in the manner in which these rights were commercially exploited, without McFadden's permission.

57.     As a direct and proximate result of the aforementioned acts by the Defendants, McFadden has suffered and continues to suffer injury, loss, damage, anxiety, embarrassment, shame, and severe emotional distress.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     Plaintiffs, McFadden and Allimpic, repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth therein.

59.     The Defendants acted intentionally and unreasonably in acquiring, viewing, publishing, and disseminating the Video, when they knew or should have known that emotional distress would likely result.

60.     Defendants' conduct was intentional and malicious and done for the purpose of causing, or was known by Defendants to likely cause McFadden and Allimpic to experience humiliation, severe emotional distress, and mental anguish and was done

with wanton and reckless disregard of the consequences to McFadden and Allimpic.

61.     As such, in doing the acts alleged above, Defendants acted shamefully and intentionally inflicted severe emotional distress to McFadden and Allimpic.

62.     As a direct and proximate cause of the aforementioned Defendants' egregious actions, McFadden and Allimpic have suffered and continue to suffer monetary damages to both their personal and professional reputations and career, and substantial emotional distress, and anxiety.

63.     Unless enjoined and restrained by to order of this honorable Court, the Defendants' continued acts will cause the Plaintiffs to incur irreparable harm that cannot be adequately remedied by monetary damages. Thus, McFadden and Allimpic are entitled to a temporary restraining order and preliminary injunctive relief to enjoin the Defendants from exploiting and disseminating the Video and all or any portions of thereof.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiffs, McFadden and Allimpic, repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth therein.

65.     At all times herein, Defendants acted negligently and unreasonably in creating the Video and causing the Video to be disseminated to third parties. By their actions, Defendants have acted beyond all reasonable bounds of decency, and negligently inflicted emotional distress upon McFadden and Allimpic.

66.     Defendants' conduct was negligent and the proximate cause for McFadden and Allimpic's suffering humiliation, mental anguish, and severe emotional distress, and was done with wanton and reckless disregard of the effects and consequences to McFadden and Allimpic.

67.     Unless enjoined and restrained by to order of this honorable Court, the Defendants' continued acts will cause the Plaintiffs to incur irreparable harm that cannot be adequately remedied by monetary damages. Thus, McFadden and Allimpic are entitled to a temporary restraining order and preliminary injunctive relief to enjoin the Defendants from exploiting and disseminating the Video and all or any portions of thereof.

## COUNT VI: VIOLATION OF FLA. STAT. § 934.10

68.     Plaintiffs, McFadden and Allimpic, repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth therein.

69.     McFadden and Allimpic had a reasonable expectation of privacy in engaging in private consensual sexual relations in a private bedroom and did not consent to the publication and dissemination of the Video.

70.     Defendants' actions have not served any legitimate public interest.

71.     Defendants violated McFadden and Allimpic's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into the Plaintiffs' lives and privacy by the publication, dissemination, and exploitation of the Video, without regard

16

to Plaintiffs' rights to privacy.

72.     Defendants disclosed or caused the disclosure to third parties the contents of Video depicting McFadden and Allimpic engaged in private consensual sexual relations. Defendants knew or should have known that the Video contained private and confidential content and information, which the Plaintiffs and any reasonable person would not wanted broadcasted to the general public, would be a clear and egregious violation of McFadden and Allimpic's rights to privacy and would have the natural result of causing substantial harm to McFadden and Allimpic.

73.     As a direct and proximate result of the aforementioned acts by the Defendants, McFadden and Allimpic has suffered and continue to suffer injury, loss, damage, anxiety, embarrassment, shame, and severe emotional distress.

74.     Unless enjoined and restrained by to order of this honorable Court, the Defendants' continued acts will cause the Plaintiffs to incur irreparable harm that cannot be adequately remedied by monetary damages. Thus, McFadden and Allimpic are entitled to a temporary restraining order and preliminary injunctive relief to enjoin the Defendants from exploiting and disseminating the Video and all or any portions of thereof.

## COUNT VII: DEFAMATION

75.     Plaintiff, McFadden, repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth therein.

17

76.    McFadden is a professional rapper and has and continues to enjoy mainstream popularity as "Khaotic".  McFadden has devoted a substantial amount of time and effort developing his career, reputation and brand. Such efforts have created considerable commercial value in his name, image, identity, and persona.

77.    The Defendants' misappropriation of McFadden's publicity rights was for the Defendants' advantage in that McFadden's name, image, likeness, identity, and persona were used and intended to create and enhance the Defendants' pecuniary gain and profit.

78.    The Defendants, in order to generate public interest public interest in the video, posted in bold letter in the headline on top of the Video, " [m]iami rapper "Khaotic" getting his butthole ate on", along with the message " next time you steal from a girls purse make sure they don't have you on camera getting your ass ate."

79.    Any reasonable person would deduce from the comments, "next time you steal from a girls purse make sure they don't have you on camera getting your ass ate", that the Video was obtained and sent to the Defendants by a female who was looking for revenge for the alleged action of McFadden stealing the female's purse.

80.    This statement is completely and utterly false. McFadden has not stolen anyone's purse.

81.    The Defendants' false defamatory statements regarding McFadden was fabricated only for the Defendants' advantage in that McFadden's name, image, likeness, identity, and persona were used and intended to create and enhance the

18

Defendants' pecuniary gain and profit and garner more interest in the Video.

82.     As a direct and proximate result of the aforementioned acts by the Defendants, McFadden has suffered and continues to suffer injury, loss, damage, anxiety, embarrassment, shame, and severe emotional distress.

83.     As a direct and proximate result of the aforementioned acts by the Defendants, McFadden has and continues to face ridicule, embarrassment, damage to his reputation as a rapper, and severe harm to his businesses.

84.     Unless enjoined and restrained by to order of this honorable Court, the Defendants' continued acts will cause the Plaintiffs to incur irreparable harm that cannot be adequately remedied by monetary damages. Thus, McFadden is entitled to a temporary restraining order and preliminary injunctive relief to enjoin the Defendants from exploiting and disseminating the Video and all or any portions of thereof and to enjoin the Defendants from posting defamatory statements about McFadden.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, McFadden and Allimpic pray for judgment against Defendants, LEE Q. ODENAT a/k/a "Q" and QWORLDSTAR, INC., as follows:

1.     For an award of general and special damages in an amount in excess of the minimum jurisdictional limits of this Court ($15,000.00) in accordance with proof at trial together with interest thereon at the maximum legal rate;

2.     For costs of suit incurred herein;

3.     For an Order and Judgment requiring the delivery to McFadden and Allimpic of all copies of the Video depicting McFadden and Allimpic sexual encounter,

19

all portions and content thereof, in all formats and all forms of media, including electronic and physical media, within Defendants' possession, custody, or control, including without limitations turning over to McFadden and Allimpic any and all storage devices (such as CDs, DVDs, hard drives, flash drives, and disks) containing same;

4.  For preliminary and permanent injunction against Defendants and all person acting under their control, from any and all activity that would cause the distributing, disseminating, publishing, displaying, posting for viewer access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the Video depicting McFadden and Allimpic's sexual encounter, or any portions or content thereof or any copies thereof, in any and all formats and media, including all electronic and physical media;

5.  For an Order and Judgment requiring Defendants to turn over to McFadden and Allimpic all information pertaining to the Video, including without limitation, all activity by all persons and entities related to the creation, storage, editing, distribution, disseminating, publishing, displaying, posting for viewers access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the Video depicting McFadden and Allimpic's sexual encounter, or any portions or content thereof

or any copies thereof, in any and all formats and media, including all electronic and physical media;

6.      For a constructive trust to be placed upon Defendants and all persons acting on their behalf or under their direction or control, as to all revenues and profits received by any and all such individuals, including Defendants, to be held for the benefit of McFadden and Allimpic, and to be disgorged in their entirety to McFadden and Allimpic, in connection with the Video;

7.      For such other and further relief as to this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, McFadden and Allimpic, hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
Counsel for Plaintiff
Latitude One Building
175 SW 7th Street, Suite 2410
Miami, Florida 33131
Telephone: 305-384-7370
Facsimile:  305-384-7371

By:  __/s/Richard C. Wolfe
          RICHARD C. WOLFE
          Florida Bar No. 355607

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on Wednesday, August 17, 2016, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.